IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GEORGE BUCK,

Defendant.

8:22-CR-47

ORDER ON MOTION FOR
COMPASSIONATE RELEASE

This matter is before the Court on the defendant's Motion for Compassionate Release. Filing 395. The defendant was sentenced to a 120-month term of incarceration in July 2023 for his involvement in a conspiracy to distribute methamphetamine, marijuana, and fentanyl in Omaha, Nebraska. Filing 302. The defendant's sentence reflected the mandatory minimum and fell far below the sentencing guidelines. Filing 300 (providing a guideline custody range of 210 to 262 months). The defendant cites severe medical issues as grounds for passionate release. Filing 122 at 6–8. Because the 18 U.S.C. § 3553(a) sentencing factors vitiate the defendant's extraordinary and compelling reasons for a reduced sentence, U.S.S.G. 1B1.13, the defendant's Motion is denied.

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the BOP because more than 30

days have lapsed since the prison warden received his request. *See* Filing 396-2 (showing that the defendant submitted a request to the warden on September 23, 2024). The Court therefore turns to the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines sets out "Medical Circumstances of the Defendant" that can constitute "[e]xtraordinary and compelling reasons warrant[ing] reduction" in sentence for purposes of 18 U.S.C. § 3582(c)(1)(A).[1] Here, the

---

[1] These circumstances are as follows:
**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period)

defendant has provided extensive medical records reflecting his glioma diagnoses, which he avers "will end his life within the next 15 to 24 months." Filing 396 at 7.

The Court assumes without deciding that the defendant has alleged medical circumstances that could constitute "[e]xtraordinary and compelling reasons warrant[ing] reduction" of his sentence. Nevertheless, the defendant's Motion for Sentence Reduction is denied because a reduction of the defendant's sentence would be contrary to the factors under 18 U.S.C. § 3553(a). Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

---

is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is--
    (i) suffering from a serious physical or medical condition,
    (ii) suffering from a serious functional or cognitive impairment, or
    (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminihes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or he is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances--
    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Consideration of these factors indicate that granting compassionate release in this case would be inappropriate.

Regarding the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the uncontradicted Presentence Investigation Report indicates that the defendant was involved in armed drug trafficking on behalf of a criminal gang (the "Deuce Four Mafia Bloods in Omaha, Nebraska"). Filing 300 at 7–8 (¶¶ 32–40). Indeed, the Probation Officer concluded—and the defendant did not dispute—that "Mr. Buck can reasonably be held accountable for 1,034.567 grams of methamphetamine, 476 grams of methamphetamine (actual), 130 kilograms of marijuana, 58.6 grams of fentanyl precursor, and 13.06 grams of ecstasy." Filing 300 at 10 (¶ 72). These narcotics have inflicted drastic harm on the Omaha, Nebraska, community and the country as a whole, demonstrating the seriousness of the defendant's offense. In addition, although the plea agreement required dismissing a charge for use or possession of a firearm in furtherance of a drug trafficking crime, the defendant was nevertheless assessed a two-level enhancement under USSG 2D1.1(b)(1) for possessing a firearm during the offense. Filing 300 at 4 (¶ 2), 12 (¶ 79). Thus, the severity of the defendant's offense weighs against granting compassionate release.

Regarding the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the defendant has a lengthy and varied criminal history apart from his drug conspiracy conviction which demonstrates his lack of respect for the law. The defendant had previous criminal convictions for firearm and drug crimes, resulting in a criminal history category of III. Filing 300

at 13–14 (¶¶ 90–93). However, these convictions do not fully reflect the extent of the defendant's criminality; for instance, the defendant has a remarkable fourteen convictions for driving under suspension that were not factored into his criminal history score. Filing 300 at 14 (¶ 94). The defendant's non-criminal history and characteristics also illustrate that the defendant did not fulfill his responsibilities. The defendant "has fathered seven children, all of whom reside with their mothers" and "owes $52,526.79 in child support arrears." Filing 300 at 16 (¶ 107), 19 (¶ 125). Thus, the defendant's history and characteristics also weigh against granting compassionate release.

Reducing the defendant's sentence would also be inconsistent with the factors under 18 U.S.C. § 3553(a)(2). Regarding the need for the "sentence imposed [ ] to reflect the seriousness of the offense," *id.* § 3553(a)(2)(A), the sentence imposed was also considerably below the defendant's guideline custody range of 210 to 262 months' incarceration. Filing 300 at 19 (¶ 129). Indeed, the defendant received the mandatory minimum sentence of 120 months' incarceration under the terms of a Rule 11(c)(1)(C) plea agreement. Filing 302 (Judgment). Congress in an exercise of its legislative function determined that fewer than ten years of incarceration would fail to reflect the seriousness of the defendant's conduct. The statutory minimum also indicates ten years or more of incarceration for such conduct is necessary "to afford adequate deterrence." 18 U.S.C § 3553(a)(2)(B). Reducing the defendant's sentence to a sentence of time served would effectively reduce his sentence to "approximately 15 months," Filing 396 at 8, or about one-eighth of the statutory minimum sentence for his crime, and would not serve these important purposes of 18 U.S.C. § 3553(a)(2). *See United States v. Cruz*, No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only served a small portion of his sentence counseled against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)).

Finally, under 18 U.S.C. § 3553(a)(6), the Court must consider whether terminating the defendant's term of supervised release early is consistent with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The defendant has been incarcerated for about 15 months for participating in a major drug conspiracy, yet the Court is cognizant that many similarly-situated defendants serve sentences that are much longer than 15 months. Releasing the defendant after such a short period would exacerbate rather than remedy unjust sentencing disparities. Thus, this factor also weighs against granting compassionate release.

The Court has also considered the remaining applicable § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence, either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). Accordingly,

IT IS ORDERED that the defendant's Motion for Sentence Reduction, Filing 395, is denied.

Dated this 26th day of November, 2024.

BY THE COURT:

Brian C. Bueschis
United States District Judge

6