IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | **8:22-CR-47** |
| vs. | |
| | **ORDER ON MOTION FOR** |
| GEORGE BUCK, | **RECONSIDERATION** |
| Defendant. | |

This matter is before the Court on defendant George Buck's Motion for Reconsideration, Filing 427, which he also characterizes as a "New Motion for Compassionate Release with new and compelling factual circumstantial changes." Filing 427 at 2. The defendant asks the Court to reconsider its prior Order, Filing 399, denying the defendant's prior motion for compassionate release, Filing 395. Along with his Motion, the defendant has filed 47 pages of "Supporting Exhibits," including medical records and forms that the defendant presumably submitted to the Bureau of Prisons. Filing 427-1. The Court has also received 11 letters from the defendant's family and friends submitted in support of the defendant's Motion.

As he did in his prior motion for compassionate release, the defendant alleges that he is suffering from a brain tumor, a terminal illness that has significantly limited his life expectancy. Filing 427 at 2–3; Filing 395 at 1; Filing 396 at 7. In its prior Order, the Court assumed without deciding that the defendant had alleged medical circumstances that would constitute "[e]xtraordinary and compelling reasons warrant[ing] reduction" of his sentence under 18 U.S.C. § 3582(c)(1)(A). Filing 399 at 2. The Court nonetheless denied the defendant's request for

1

compassionate release after considering the 18 U.S.C. § 3553(a) factors, including the "nature and circumstances of the offense," the "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a); Filing 399 at 4. Among other things, the Court noted the severity of the defendant's offense of armed drug trafficking on behalf of a criminal gang, the defendant's lengthy criminal history, and the fact that the defendant's sentence of 120 months of incarceration was well below the defendant's guideline sentencing range of 210 to 262 months. Filing 399 at 4–5. The Court also considered the fact that the defendant had only served about one-eighth of the statutory minimum sentence for his crime of conviction. Filing 399 at 5. The defendant appealed the Court's denial of compassionate release, but the Eighth Circuit Court of Appeals affirmed the Court's decision. Filing 425; *United States v. Buck*, No. 24-3498, 2025 WL 2399967, at *1–2 (8th Cir. Aug. 19, 2025) (unpublished) (per curiam). The defendant now asks the Court to "[r]econsider its previous denial." Filing 427 at 7.

The Court is sympathetic to the defendant's condition but remains unpersuaded that the 18 U.S.C. § 3553(a) factors weigh in favor of releasing the defendant. The severity of the defendant's offense has not changed, and neither has its harmful impact on the community. Moreover, the defendant still has not served even half of his statutory minimum sentence. The Court therefore adheres to its prior reasoning and denies the defendant's Motion for Reconsideration. Accordingly,

IT IS ORDERED that the defendant's Motion for Reconsideration, Filing 427, is denied.

2

Dated this 6th day of October, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge